## HARRIS ET UX. v. THOMAS.

In an action for support of a bastard child, judgment being rendered for quarterly payments, the Statute of Limitation does not operate in favor of the bail till a year after the last payment.

ACTION on bond of recognizance. The case was, as disclosed in special pleadings,— That the wife of the plaintiff, while sole, instituted her suit against Samuel Post, for the maintenance of her bastard child, of which he was the putative father; and before a justice of the peace, said Samuel and the defendant entered a bond of recognizance to the then plaintiff, in the sum of £150 conditioned,— "That in case said Samuel should appear before the Court of Common Pleas, then to be holden at Norwich, answer to said complaint, and abide final judgment thereon, then to be void," etc.— The cause came before the Court of Common Pleas — said Samuel appeared by his attorney;— and the cause was continued to the next term; when he again appeared, and pleaded to the action; but on an objection to the court, that the plea was improperly closed (which being ruled against him) he suffered a default.— The Court of Common Pleas adjudged, that he, with the mother, should stand chargeable with the maintenance of said child,— and rendered judgment for the plaintiffs to recover the sum of £16 17s. 6d. being said Samuel's proportion from the birth of the child till that time; and that execution should issue quarterly for a further sum of £1 17s. 6d. the residue of his part of the support.— Execution issued on this judgment, and a return of *non est inventus*.— And more than one year after, the present action was commenced against the bail.

On demurrer, three points were made in the defense:—

1. That the recognizance was improperly taken; for

that it not only required the said Samuel to appear in said action; but "to abide the final judgment which should be rendered thereon."— That the justice having no power to take such a recognizance, it was void, especially as it respected anything further than the appearance at court.

2. That said Post having appeared, and plead to the action, had saved his bail, and a default being afterwards entered, could not prejudice him; for the presumption is, that the plaintiff in the action accepted his appearance, or that he was received into custody of the court.

3. That the statute of this state, respecting bail, limits the bringing of actions against bail, to one year from the time of rendering final judgment against the principal; that therefore, this action is not sustainable.

Judgment was for the plaintiffs.


By the whole COURT.   The recognizance before the justice, that the defendant should abide the order of the Court of Common Pleas, as well as for his appearance, was well taken within the statute; and is according to the course of proceedings in like cases in England.   And it appears, that the recognizance has become forfeit, for the principal's not abiding the order of court, and also for nonappearance.   The records do not show that an appearance was admitted, or that the principal was delivered up in court; which are facts, to be proved only by the record, according to a late determination, in the case of Fitch v. Hall, *ante*, 18, affirmed in the Supreme Court of Errors.

That more than a year had elapsed from the time of the final judgment against the principal, before the bringing this suit; this would ordinarily have exonerated the bail — but it did not exonerate him in this case.   The judgment here, was for the quarterly payments, for four years from

the birth of the child, and the recognizance held for the performance of the whole:    The declaration, therefore, sets forth a good cause of action, and there is nothing disclosed by the defendant sufficient to bar the recovery.